**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PAMELLA CORTES, LETICIA GONZALEZ, and ARIANA REYES, on behalf of themselves and others similarly situated,

                           Plaintiffs,

-against-

JUQUILA MEXICAN CUISINE CORP. d/b/a JUQUILA MEXICAN CUISINE, JUQUILA KITCHEN AND BAR CORP. d/b/a JUQUILA KITCHEN & BAR, TEOFILA MENDEZ, and CRISTOBAL BONILLA,

                           Defendants.

Case No. 1:17-CV-03942

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

Pursuant to Eastern District of New York Local Civil Rule 1.4, the Law Offices of Martin E. Restituyo, P.C. ("Defendants' Counsel") hereby submits this memorandum of law in support of its motion for an order permitting it to withdraw as counsel of record for defendants Juquila Mexican Cuisine Corp., Teofila Mendez, and Cristobal Bonilla, (collectively, "Defendants"), on the grounds of divergent and irreconcilable views regarding the litigation strategy to employ in this matter and because of expected non-payment. Defendants' counsel has not made a previous application for similar relief.

**BACKGROUND**

Defendant's Counsel assumes that the Court is familiar with the facts of this case and refers the Court to the Declaration of Martin E. Restituyo, Esq. to augment that familiarity.

**ARGUMENT**

An order permitting the withdrawal of counsel of record may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal…" E.D.N.Y. Local Rule 1.4. Here, such satisfactory reasons plainly exist and withdrawal should be permitted. Accordingly, Defendants'

Counsel seeks permission to withdraw from the representation of Defendants Juquila Mexican Cuisine Corp., Teofila Mendez, and Cristobal Bonilla in this matter because of divergent and irreconcilable views regarding the litigation strategy to employ in this matter and non-payment of fees.

Pursuant to New York Rules of Professional Conduct Rule 1.16(c)(7), a lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw."). Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (*quoting Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); *citing Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew*

2

*Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). As detailed herein Defendants and Defendants' Counsel have diverging and irreconcilable litigation strategies.

The Second Circuit has also acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.")(internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to

withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation). Defendants have made it clear that they will not pay for any subsequent legal work Defendants' Counsel would perform on Defendants' behalf and Defendants' Counsel should not expect to be compensated for work done throughout the case.

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, Defendants and their counsel have diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation and the resources which must be devoted in defense of this lawsuit.

Thus, for the reasons indicated above, Defendants' Counsel's motion to be relieved as counsel of record for the Defendants should be granted.

## **CONCLUSION**

For all the foregoing reasons, Defendants' Counsel. respectfully requests that the Court enter an order permitting it to withdraw as representatives of Defendants in this action.

Dated:  New York, New York
        August 17, 2018

*/s/Martin E. Restituyo*
Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo
1345 Avenue of the Americas,
2nd Floor New York, NY 10105
(212) 729-7900
restituyo@restituyolaw.com

*Attorneys for Defendants*